IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LARRY MINOR and
JOAN MINOR, Husband and Wife

                          PLAINTIFFS

VS.                    Case NO. 2:11-CV-2258-RTD

SCHLUMBERGER TECHNOLOGY
CORPORATION

                          DEFENDANT

## AGREED PROTECTIVE ORDER

On this day came on for hearing the Motion for Entry of Agreed Protective Order which was filed by Schlumberger Technology Corporation ("Schlumberger"). The Court, having considered the Motion and finding that the Parties' respective interests in the confidentiality of their sensitive and valuable trade secrets and business information outweighs the public's interest in full access to all documents related to this Litigation is of the opinion that the Motion should be in all things GRANTED. Pursuant to Federal Rule of Civil Procedure 26(c), it is therefore ORDERED that the following provisions are in place concerning the documents, discovery responses, depositions and other items produced, exchanged or otherwise utilized in this lawsuit:

### Definitions

1. The terms defined in Paragraph 1 shall have the meaning provided. Defined terms may be used in the singular or plural.

    1.1 **"Producing Party"** means the Party or person who produces or who is asked to produce documents or information that the Party or person considers to be Confidential or Highly Confidential.

    1.2 **"Receiving Party"** means the Party receiving or requesting the production of documents or information designated as Confidential or Highly Confidential,

    1.3 The **"Litigation"** means the lawsuit captioned above, including all discovery proceedings, hearings, preparation and pre-trial, trial and post- trial activities

1

related thereto.

1.4 **"Litigation Documents"** means all pleadings, motions, affidavits and related papers, answers to interrogatories, all documents produced or exchanged in the course of discovery, settlement negotiations, trial preparation or trial, and all transcripts of testimony given in depositions, in hearings or at trial in connection with the Litigation.

1.5 The **"Parties"** shall mean the Parties to this Litigation; Plaintiffs Larry Minor and Joan Minor, and Defendant Schlumberger Technology Corporation and all agents thereof.

1.6 **"Non-party"** shall mean any entity or individual that is not a party to this Litigation.

### Confidential and Highly Confidential Information

2. The terms Confidential and Highly Confidential Information shall have the meaning provided below.

2.1 **"Confidential Information"** means all information, whether or not embodied in a document or other physical medium, which the Producing Party believes in good faith lends to it a competitive advantage over others who do not possess such information, as well as confidential, private or personal information relating to any individual Party or employee or former employee of the Party, which the Producing Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information.

2.2 **"Highly Confidential Information"** means all information, whether or not embodied in a document or other physical medium, which the Producing Party believes in good faith contains or reflects proprietary information, trade secrets or competitive or commercial information of a sensitive nature that disclosure to another party or an employee or officer of such other party may cause competitive injury. Highly Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Highly Confidential Information.

### INSPECTION OF CONFIDENTIAL INFORMATION

3. Each person, to whom Confidential Information is disclosed or made available, including experts or consultants retained by one or more of the Parties, shall first be advised of the existence and the contents of this Order and shall agree in writing to be bound by its terms and conditions (collectively "Protective Order Agreements"), Counsel for the Receiving Party shall

2

maintain the Protective Order Agreements throughout the course of this Litigation and shall provide copies of same to the Court upon request and the Producing Party upon request if there are specific questions about potential violations of or compliance with this Protective Order and/or a corresponding Protective Order Agreement by an identifiable individual who has been given the opportunity to review Confidential or Highly Confidential Information produced in this Litigation by any Party.

4. Confidential Information may only be inspected by or revealed to the following persons:

   a. The Court, Court personnel, court reporters reporting during deposition, hearing or trial testimony, jury and/or mediator;

   b. Counsel of record for the Parties in this Litigation, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties, as well as persons or agents employed by them and/or under contract with said attorneys' of record;

   c. A Party and designated representatives of a named party who is an entity who are directly involved in the handling and/or administration of the Litigation or who, in the good faith judgment of the Party's counsel, need to have access to Confidential Information for a legitimate litigation need. Each party's counsel shall take reasonable steps to assure that Confidential Information is not disclosed to corporate employees who are not so designated;

   d. Independent experts retained by the Parties in connection with this Litigation who have a legitimate need to review such Confidential Information for purposes of this Litigation;

   e. Witnesses who have authored, or had authorized access from the Producing Party to the Confidential Information prior to this Litigation, from whom the Receiving Party's attorney deems it necessary to obtain testimony for this Litigation. For purposes of trial, the identity of any such witnesses must' be disclosed thirty (30) days before trial. No copies of Confidential Information shall be sent to or retained by any such witness.

   f. Any other person who is designated to receive Confidential Information by Order of Court or agreement of the parties; and

   g. In-house attorneys for each of the Parties.

## **INSPECTION OF HIGHLY CONFIDENTIAL INFORMATION**

5.      Each person to whom Highly Confidential Information is disclosed or made available, including experts or consultants retained by one or more of the Parties, shall first be advised of the existence and the contents of this Order and shall agree in writing by signing a Protective Order Agreement to be bound by the terms and conditions of this Protective Order.  Counsel for the Receiving Party shall maintain the Protective Order Agreements throughout the course of this Litigation and shall provide copies of same to the Court and the Producing Party upon request if there are specific questions about potential violations of or compliance with this Protective Order and/or a corresponding Protective Order Agreement by an identifiable individual who has been given the opportunity to review Confidential or Highly Confidential Information produced in this Litigation by any Party.

6.      Highly Confidential Information may only be inspected by or revealed to the following persons:

   a. The Court, Court personnel, court reporters reporting during deposition, hearing or trial testimony, jury and/or mediator;

   b. Counsel of record for the Parties in this Litigation, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties, as well as persons or agents employed by them and/or under contract with said attorneys' of record;

   c. In-house attorneys for each of the parties;

   d. Independent experts retained by the Parties in connection with this Litigation, who have a legitimate need to review such Highly Confidential Information for purposes of this Litigation; and

   e. The Defendants who authored or had authorized access to the Highly Confidential information during their employment with Schlumberger, but only at the offices of, and in the presence of their respective counsel of record of at their depositions. No copies of the Highly Confidential Information shall be sent to or retained by any Defendant.

## USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

7. All Confidential Information and Highly Confidential Information shall be used solely for the purposes of this Litigation and as permitted by and subject to this Protective Order. Under no circumstances may Confidential Information or Highly Confidential Information be used for non-Litigation purposes, or in any matter, controversy, mediation, arbitration, or litigation now pending or later filed other than this Litigation.

8. No Party or person shall make or permit the making of more copies of any Confidential Information than are reasonably necessary to conduct settlement negotiations, discovery or litigation relating to the matters referenced herein. Counsel of record for each Party shall retain custody of all copies of Confidential and High Confidential Information produced to said attorneys at all times, unless otherwise agreed to by the Producing Party in writing.

9. No Confidential or Highly Confidential Information shall be filed in an open court file associated with this Litigation or any other action. The Court shall determine, at a later date and with the consultation of the Parties' counsel, how to address the admission of Confidential or Highly Confidential Information offered during open Court proceedings.

## DESIGNATION OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

10. The Producing Party shall clearly mark or designate in writing any Litigation Document, including discovery responses, to be treated as Confidential or Highly Confidential under the terms of this Protective Order.

11. Any Party may designate all or any portion of testimony given at a deposition, or documents attached as exhibits to a deposition, as Confidential or Highly Confidential Information by indicating on the record at the deposition that the testimony is Confidential or Highly Confidential.  Further, all deposition transcripts shall be deemed Confidential for ten (10)

days after their receipt by counsel for each of the Parties, during which time the Producing Party may designate information contained in the transcript as Confidential or Highly Confidential information by notifying counsel for the Parties in writing of any specific pages and lines of the transcript which contain Confidential or Highly Confidential Information.  The Producing Party will act in good faith designating information as Confidential or Highly Confidential, and any dispute regarding said designation will be resolved in accordance with the provisions of Paragraph 13 herein.

12. Persons may be deposed regarding Confidential Information or Highly Confidential Information of which they have knowledge. In the event any Confidential Information is to be used or discussed in a deposition, any Party shall have the right to exclude from attendance during such portions of the deposition involving Confidential Information any person other than the deponent and the persons defined in paragraph 4.  In the event any Highly Confidential Information is to be used or discussed in a deposition, the Producing Party shall have the right to exclude from attendance during such portions of the deposition involving Highly Confidential Information any person other than the deponent, counsel for the Parties, the court reporter, and the persons defined in paragraph 6.

13. Any document or testimony that is designated as Confidential Information or Highly Confidential Information which is revealed by or included in any discovery proceeding (whether formal or informal and whether in the form of depositions, transcripts, discovery answers, or document production) or in any hearing, motion, pleadings, affidavits, briefs or other documents submitted to this Court during pretrial matters, shall be subject to this Protective Order.  Highly Confidential Information and Confidential Information included as part of any pleading, memorandum, or other submission shall be filed in sealed envelopes or other containers on which

shall be endorsed the title of this action, a general indication of the nature of the contents, and the words "Highly Confidential Information" or "Confidential Information" (depending on the situation) and "Subject to a Protective Order" and shall be filed directly with the Judge as though submitted for in camera review.  Subject to this Protective Order and further Order of the Court, nothing herein shall prevent the use of Confidential Information or Highly Confidential Information at hearing or trial.  The Court will hear motions for the closure of limited portions of the hearings or trial of this matter should any Party deem such closure desirable or necessary.  Before discussing the substance of any Confidential Information or Highly Confidential Information at a hearing or trial, the Party intending to introduce or use such information into evidence must first notify the Court and counsel for the other Parties.  No party shall disclose the substance of Confidential or Highly Confidential Information in open court until the Producing Party has been given the opportunity to object or take the necessary measures to safeguard the confidentiality of such information and obtain a ruling from the Court.  There shall be no mention to the Jury of the fact of designation under this Protective Order of a document, court paper, or testimony as Confidential Information or Highly Confidential Information.

## Objection to Designation

14.	Any dispute arising under this Protective Order shall be submitted to the Court for resolution.  If any Party disagrees with the designation of any information as Confidential Information or Highly Confidential Information, the material so designated shall nonetheless be treated as such unless and until the Producing Party agrees or the Court orders that the Confidential Information or Highly Confidential Information designation shall be removed.

**Return of Discovery Material**

15.     Within thirty (30) days after the final termination of this Litigation, whether by settlement, judgment, or decision on appeal, all originals and copies of Confidential Information or Highly Confidential Information shall be returned to the Producing Party, unless otherwise agreed to between the Parties, together with all documents containing data or information obtained, derived, or generated therefrom.  The Producing Party's counsel shall retain such information for a period of four (4) years following the conclusion of this Litigation.  In the alternative, the Receiving Party may provide counsel for the Producing Party with a certification attesting that the Confidential Information or Highly Confidential Information has been destroyed, together with all documents containing data or information obtained, derived, or generated therefrom.

16.     If any Confidential Information or data obtained, derived, or generated therefrom, is sought through discovery from the Receiving Party by any party in any other judicial or administrative proceeding or otherwise, the Receiving Party agrees to notify Producing Party in writing within five (5) days so as to permit the Producing Party to seek a protective order from the appropriate court or take other appropriate action.

**No Waiver**

17.     Nothing in this Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any discovery request made in this action.  The execution of this Protective Order shall not be construed as an agreement by any Party to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the Litigation or as a waiver of any privilege with respect thereto.  Nothing contained in this Order and no designation as

Confidential or Highly Confidential shall be construed as a finding (preliminarily or otherwise) that any information designated by or protected by this Order does or does not constitute confidential, proprietary or trade secret information.

18. Neither the previsions of this Protective Order nor any disclosure by a Party pursuant to this Protective Order shall constitute a waiver at any time, or in any litigation relating to the matters referenced herein or otherwise, of any attorney/client privilege, work product doctrine, or any other privilege offered by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

19. No use by any Party of any Confidential Information or Highly Confidential Information or documents or any information contained therein or derived therefrom shall abrogate any of the provisions of this Protective Order with respect to such Confidential Information or Highly Confidential Information or documents or any information contained therein or derived therefrom.

IT IS SO ORDERED this 7th day of February, 2013.

/s/ Robert T. Dawson
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE